## CHRIS WIEDERKEHR v. STATE.

No. A-7493. Opinion Filed Aug. 16, 1930.
Rehearing Denied Sept. 13, 1930.
(290 Pac. 936.)

Wieck & Armstrong and D. E. Hodges, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of possession of whisky, and his punishment fixed at a fine of $500 and confinement for six months in the county jail.

The evidence of the state was that they procured a search warrant, and upon search of defendant's premises they found more than a quart of whisky in three pint bottles. Jim Powell testified that he was at defendant's home when the officers started to make the search and that he poured some whisky in the toilet out of two pint bottles; that previous to the coming of the officers he had seen four pints of whisky; and that they belonged to the defendant. The defendant did not take the witness stand and offered no defense.

Defendant contends that the evidence is insufficient to support the verdict and that the verdict is contrary to law. There is no merit in this contention.

296

Defendant next contends that the court erred in excluding testimony tendered by the defendant. Upon cross-examination of the witness Powell, defendant attempted to show that the bottles were what was known as short pints. The state objected for the reason that the witness had testified that he had not measured the bottles and did not know, and for the further reason that the bottles themselves were the best evidence.

Since the proposed examination could have brought out only the opinion of the witness, and it appearing from the witness' answer that he had no knowledge on the subject, the objection to that line of questioning is not reversible error.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.