CHRIS WIEDERKEHR v. STATE.

No. A-7492. Opinion Filed Oct. 25, 1930.
(292 Pac. 895.)

Wieck & Armstrong and D. E. Hodges, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereafter called defendant, was convicted in the county court of Kay county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $200 and imprisonment in the county jail for six months.

The evidence of the state was that the defendant lived at 941 Union street, in Ponca City; that one Tubby Phillips was staying with and working for the defendant; that the officers being in the vicinity of defendant's home observed Phillips going from the house to a fence in the rear of the house to get whisky; that he took some into the house; that the officers procured a search warrant and came back and searched defendant's premises, and found three pints of whisky concealed at the place where they had seen Phillips getting whisky and one pint in the front yard, not far from where the defendant was sitting on his front porch; that the officers saw Phillips go into the house with a glass jar, and observed the defendant and Phillips pouring something from the jar into bottles; that on searching the house they found empty whisky bottles and corks in the kitchen.

Defendant argues what he calls three assignments of error:

(1) That the court erred in overruling the demurrer of this defendant to the evidence introduced on behalf of the state, to which ruling of the court the defendant duly excepted at the time.

(2) That the court erred in overruling the motion of the defendant for a verdict of not guilty at the close of the trial of said case.

(3) That the verdict of guilty is not sustained by the evidence and is contrary to law.

These three assignments amount to but one, the sufficiency of the evidence to sustain the verdict.

Boiled down, the evidence of the state is that Tubby Phillips, who was working for and staying with the defendant, was moving whisky from the back of the lot into the house; that whisky bottles and corks were found in the house, and the defendant was seen helping Phillips put something into bottles; that four pints of whisky were found on defendant's premises, one near where defendant was sitting on his porch and the other three pints where Phillips had been going to get the whisky. Of course the defendant denied that he had anything to do with the whisky, or knew that it was there.

This court on August 16, 1930, affirmed another case against the defendant, 48 Okla. Cr. 295, 290 Pac. 936, wherein he was charged with the unlawful possession of intoxicating liquor. The county attorney might have prosecuted defendant for a second and subsequent offense, which would have been a felony, but elected to prosecute only under the misdemeanor statute.

The quantity of whisky found being sufficient to make a prima facie case, and the facts and circumstances tending to connect the defendant with the same, the evidence was sufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.